IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| TERRY FERGUSON o/b/o THE ESTATE OF JOHN FERGUSON. | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No.: ELH-12-1035 |
| UNITED OF OMAHA LIFE INSURANCE COMPANY d/b/a/ MUTUAL OF OMAHA, et al. | * | |
| Defendants | * | |

**MEMORANDUM OPINION**

Plaintiff Terry Ferguson ("Plaintiff") sued United of Omaha Life Insurance Company ("United of Omaha") on behalf of her husband's estate. The Complaint alleges that United of Omaha unlawfully refused to pay Plaintiff pursuant to an Accidental Death and Disability Plan, which is governed by the Employee Retirement Income Security Act ("ERISA").[1] This Memorandum Opinion addresses Plaintiff's Motion to Compel Discovery ("Motion"), ECF No. 14, the opposition, and the reply thereto. I find that a hearing is unnecessary in this case. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated herein, Plaintiff's Motion is denied.

**I. Background**

United of Omaha denied Plaintiff's application and appeal for accidental death benefits. *See* Compl. ¶¶ 13-16. Plaintiff filed suit in this Court, challenging United of Omaha's decision to deny payment of benefits under Plaintiff's insurance policy. Compl. ¶ 20. On June 19, 2012,

---

[1] This case has been referred to me by Judge Hollander to resolve discovery disputes and related scheduling matters. [ECF No. 15].

United of Omaha provided Plaintiff with a copy of the Administrative Record, withholding ten pages of the 778-page record on the basis of the attorney-client privilege.  *See* Def.'s Opp'n, Ex. 1.  Plaintiff, targeting information outside the scope of the Administrative Record, served its first set of discovery requests on United of Omaha on July 25, 2012.  Pl.'s Mot. to Compel, Ex. 1, 3.  United of Omaha responded on September 13, 2012, objecting because Plaintiff's requests sought discovery outside of the Administrative Record.  Pl.'s Mot. to Compel, Ex. 4; Def.'s Opp'n, Ex 2.  On September 24, 2012, Plaintiff sent a letter to United of Omaha seeking additional information and responses to its discovery requests.  Pl.'s Mot. to Compel, Ex. 5.  On that date, Plaintiff also propounded its Second Set of Interrogatories.  *See id.*

On October 2, 2012, United of Omaha responded to Plaintiff's letter, stating the basis for its belief that it had properly responded to Plaintiff's requests.  Pl.'s Mot. to Compel, Ex. 6.  That same day, Plaintiff wrote an e-mail to United of Omaha, stating that "I will have my objection letter out to you soon so I won't have to hear that I did not comply with the local rule."  Def.'s Opp'n, Ex. 3.  United of Omaha responded to Plaintiff's Second Set of Interrogatories on October 5, 2012, providing additional information, and again objecting because Plaintiff sought information outside of the Administrative Record.  Pl.'s Mot. to Compel, Ex. 9.  Because Plaintiff was dissatisfied with the responses, she served United of Omaha with the instant Motion to Compel, and filed it with this Court on October 10, 2012.  ECF No. 14.

**II. Analysis**

Pursuant to Rule 37, a party may move for an order compelling discovery.  Fed. R. Civ. P. 37(a)(1).  Such a motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  *Id.*  In the same vein, in this district,

2

> The Court will not consider any discovery motion unless the moving party has filed a certificate reciting (a) the date, time and place of the discovery conference, and the names of all persons participating therein, or (b) counsel's attempts to hold such a conference without success; and (c) an itemization of the issues requiring resolution by the Court.

Local Rule 104.7 (D. Md. 2011). Plaintiff has failed to certify that she has conferred or attempted to confer with United of Omaha as required by Rule 37, and has failed to file a Rule 104.7 certificate.

Plaintiff also fails to explain how she sought to resolve the dispute in good faith without court involvement. *See Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 585 (D. Md. 2010) (refusing to consider a motion to compel where the movant had not complied with Rule 37(a)(1) or Local Rule 104.7); *see also Kemp v. Harris*, 263 F.R.D. 293, 297 (D. Md. 2009) (holding that the movant failed to confer in good faith, despite filing a Certificate of Good Faith, because the movant had only sent one e-mail to the opposing party before filing its motion). After receiving United of Omaha's responses to its discovery requests, Plaintiff sent United of Omaha a letter on September 24, 2012, alleging certain deficiencies in United of Omaha's responses, and noting that the parties could discuss all discovery objections after United of Omaha responded to Plaintiff's Second Set of Interrogatories.[2] Pl.'s Mot. to Compel, Ex. 5. United of Omaha responded to Plaintiff's letter on October 2, 2012, stating the reasons for its objections and explaining why it believed it had properly responded to Plaintiff's discovery requests. Pl.'s Mot. to Compel, Ex. 6. On the same date, Plaintiff told United of Omaha that "I will have my objection letter out to you soon so I won't have to hear that I did not comply with the local rule."

---

[2] Plaintiff's letter began by stating, "[i]n accordance with Local Rule 105.6 of this Court, I am writing to explain why a Motion to Compel will be necessary in this case unless you change your position concerning discovery." Pl's Mot. to Compel, Ex. 5. Local Rule 105.6 allows counsel to request a hearing, and allows the Court to decide motions without a hearing. Even assuming that Plaintiff's counsel meant to refer to Local Rule 104.7, Plaintiff has failed to make a good faith effort to resolve this dispute without this Court.

3

Def.'s Opp'n, Ex. 3. No such letter appears to have been sent. On October 5, 2012, United of Omaha responded to Plaintiff's Second Set of Interrogatories, and although Plaintiff had suggested discussing all discovery issues after receiving these responses, no discussion of discovery issues ensued. Rather than conferring and attempting to resolve the dispute, Plaintiff served United of Omaha with the instant motion on October 10, 2012, and filed it with the Court on the same day. Plaintiff has failed to comply with Rule 37 and Local Rule 104.7, as she has not made a legitimate effort to resolve this dispute without court involvement. Simply sending an "objection letter" does not constitute a discovery conference. The purpose of a discovery conference is a good faith, interactive exchange with the goal of reaching a mutually acceptable resolution. The goal is not simply to "check the box" of compliance with the Local Rule.

Plaintiff has also failed to comply with Local Rule 104.8. If a party is dissatisfied with the responses to its propounded discovery requests, the requesting party must serve a motion to compel on the opposing party, and may only file its motion to compel with the Court after it receives a response and serves a reply on the opposing party. Local Rule 104.8 (D. Md. 2011); *see also Webb v. Green Tree Servicing, LLC*, Civil Case No. ELH-11-2105, 2012 WL 3139551, at *1 (D. Md. July 27, 2012). Plaintiff both served United of Omaha with its Motion and filed its Motion with this Court on October 10, 2012, failing to adhere to Local Rule 104.8. Due to its non-compliance with multiple Local Rules and the Rules of Civil Procedure, Plaintiff's Motion is denied.

Although this Court will not rule on the merits of Plaintiff's Motion, it should be noted that none of the lengthy submissions from either party thoroughly addresses the critical substantive issue on extra-record discovery. Where, as here, a plaintiff seeks information outside the scope of the Administrative Record regarding the defendant's admitted structural conflict of

interest, extra-record discovery may be available if the "information not contained in the record is necessary to determine the likelihood that the conflict influenced the particular benefits decision at issue." *Clark v. Unum Life Ins. Co. of Am.*, 799 F. Supp. 2d 527, 532 (D. Md. 2011). A party seeking extra-record discovery must appraise the record, provide a basis for the court to determine whether such discovery would fill gaps in the record, and demonstrate that such discovery is necessary to determine the weight of administrator's conflict. *See id.* at 536; *Patel v. United of Omaha Life Ins. Co.*, Civil Action No. DKC 12-0880, 2012 WL 2370129, at *3 (D. Md. June 21, 2012); *Kane v. UPS Pension Plan Bd. of Trs.*, Civil Action No. RDB-11-03719, 2012 WL 5869307, at *4 (D. Md. Nov. 19, 2012).

Plaintiff has not provided this Court with the Administrative Record, does not cite the Administrative Record, and fails to explain what information is missing from the record. United of Omaha also fails to explain why the Administrative Record is complete, and why Plaintiff's specific discovery requests are unnecessary given the information in the record. As such, it would have been extraordinarily difficult for this Court to rule on the merits of the extra-record discovery issue.

As for the ten pages of documents withheld on the basis of the attorney-client privilege, Plaintiff argues that the fiduciary exception to the attorney-client privilege is applicable. Plaintiff's argument is insufficient. From the outset, "[t]he party invoking the attorney-client privilege bears the burden of demonstrating its applicability." *Clark*, 799 F. Supp. 2d at 536 (citing *In re Grand Jury Subpoena: Under Seal*, 415 F.3d 333, 338-39 (4th Cir. 2005)). A party may carry this burden by submitting a privilege log, even if not detailed, that identifies "the nature of each document, the date of its transmission or creation, the author and recipients, the subject, and the privilege asserted." *Clark*, 799 F. Supp. 2d at 536 (quoting *N.L.R.B. v. Interbake*

*Foods, LLC*, 637 F.3d 492, 502 (4th Cir. 2011)).  United of Omaha's privilege log denotes the date of creation, includes the authors and recipients, and asserts the attorney-client privilege and attorney work product protection.  The privilege log also states that the disputed documents constitute "Legal Review" sent by "Dana Washington/In-house Counsel" in response to requests by a claims analyst and an appeals analyst.[3]  Def.'s Opp'n, Ex. 1.  This Court is satisfied that United of Omaha has met its burden of demonstrating that the attorney-client privilege applies.

When a party makes a *prima facie* showing of privilege, "the party asserting an exception to the privilege bears the burden of establishing that the exception applies."  *Clark*, 799 F. Supp. 2d at 537 (citing *In re Grand Jury Proceedings, Thursday Special Grand Jury Sept. Term, 1991*, 33 F.3d 342, 352 (4th Cir. 1994)).  Plaintiff argues that the fiduciary exception applies here.  This exception, in the ERISA context, "does not apply to all communications between ERISA trustees and their counsel, but only to those concerning the fiduciary relationship."  *Id.* (citing *Solis v. Food Emp'rs Labor Relations Ass'n*, 644 F.3d 221 (4th Cir. 2011)).  Plaintiff, therefore, must demonstrate that the disputed documents that "concern subject matter that is covered by the fiduciary exception."  *Id.*

Plaintiff has not acknowledged the limited scope of the fiduciary exception in the ERISA context, and has failed to make any argument about the contents of the disputed documents.  Plaintiff has not demonstrated that the disputed documents concern subject matter that is covered by the fiduciary exception.  As such, Plaintiff has not overcome United of Omaha's showing of privilege.  *See Clark*, 799 F. Supp. 2d at 537.

---

[3] In its opposition, United of Omaha adds that these disputed documents are consultations with internal counsel to discuss letters sent by Plaintiff's counsel implying the threat of litigation. Def.'s Opp'n 26.

A separate order is entered herewith.


Dated: December 18, 2012                           /s/
                                        Stephanie A. Gallagher
                                        United States Magistrate Judge